IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

RAYMOND WILLIAMS, JR., #72321                                                          PLAINTIFF

VERSUS                                                   CIVIL ACTION NO. 2:08cv144-KS-MTP

LOT DIXION, et al.                                                                           DEFENDANTS

MEMORANDUM OPINION

On July 14, 2008, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. This Court entered an order [4] on July 14, 2008, directing the plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4) within 30 days. The plaintiff failed to respond or comply with that order. In fact, the envelope containing that order [4] was returned with a notation by the postal service "Returned to Sender, From July 25, 2008, Leakesville, MS."

An order to show cause [7] was entered on September 18, 2008, directing the plaintiff to file a written response on or before October 3, 2008, to explain why this civil action should not be dismissed for plaintiff's failure to comply with the Court's order [4] entered on July 14, 2008. The plaintiff was warned each of the Court's order that if he did not comply with the Court orders or failure to provide a change of address his case would be dismissed without prejudice.

The orders [4 & 7] were mailed to the plaintiff's last known address. The envelope containing the Order to Show Cause [7] was also returned with a notation by the postal service of "Return to Sender - From Leakesville, MS 39451." Even though more than 30 days have elapsed since the deadline for compliance with these orders, the plaintiff has failed to communicate with the Court, either to inquire as to the status of his case or to provide this office

with a current address. In fact, this Court finds that the plaintiff has not contacted this Court since he filed his complaint and other documents on July 14, 2008. Therefore, this Court finds that it is apparent from the plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the 20th day of November, 2008.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE